IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 30, 2001 at Knoxville

**STATE OF TENNESSEE v. CHAD DAVIS**

**Direct Appeal from the Criminal Court for Shelby County
No. 99-08196-97     W. Fred Axley, Judge**

---

**No. W2000-02752-CCA-R3-CD  - Filed January 16, 2002**

---

The Appellant, Chad Davis, pled guilty in the Shelby County Criminal Court to DUI, second offense, and driving on a revoked license.  At the sentencing hearing, Davis requested that he be permitted to serve on work release the imposed forty-five day mandatory jail sentence for DUI, second offense, and the consecutive two-day jail sentence for driving on a revoked license.  The trial court found Davis was ineligible for work release because he was self-employed.  Davis now appeals this ruling.  In response, the State asserts that the trial court was without authority under the provisions of the work release statute, Tennessee Code Annotated § 41-2-128, to grant work release to Davis or any other person convicted of  DUI, second offense, prior to expiration of the minimum period of confinement.  After review, we find the trial court's ruling misplaced.  Nonetheless, we conclude that Davis was not entitled to "work release," as only the general sessions court has the authority to grant work release under the provisions of Tennessee Code Annotated § 41-2-128.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JAMES CURWOOD WITT, JR ., JJ., joined.

Leslie I. Ballin, Memphis, Tennessee, for the Appellant, Chad Davis.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and William Bond, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Following the Appellant's guilty pleas to DUI, second offense, and driving on a revoked license, first offense, the trial court ordered that the forty-five day minimum mandatory sentence for DUI, second offense, and the consecutive two-day sentence for driving on revoked be served "day

for day" in the Shelby County Correctional Facility.[1]  Relying on an unidentified case "dating back to 1977," the trial court denied the Appellant's request for work release finding that a defendant is not entitled to work release where the defendant is self-employed.

The Appellant argues that he is eligible for work release based upon the express language of the work release statute, Tennessee Code Annotated § 41-2-128(a), which provides:

> Whenever any person has been sentenced to undergo imprisonment *in a county workhouse*, hereafter referred to as a "workhouse," for the commission of a crime defined as a misdemeanor by the law of the state of Tennessee, the county board of commissioners, if such there be, *otherwise the court of general sessions*, upon application made therefor by the warden, superintendent, prison keeper or other administrative head of a workhouse, may by order direct the warden, superintendent, prison keeper, or other administrative head of a workhouse to permit the prisoner to leave the workhouse during necessary and reasonable hours for the purpose of working at the prisoner's own business *or other self-employed occupation*, including, in the case of a woman, housekeeping and attending to the needs of such woman's family, seeking employment, attendance at an educational institution or securing medical treatment.  Similarly, *the court of general sessions may*, upon application of the sheriff, enter a like order for the same purpose for jail prisoners.  The order may be rescinded or modified at any time with or without notice to the prisoner.

(emphasis added).  After review and based upon the language of the statute, we conclude that a defendant who is self-employed is eligible for work release.  Accordingly, we find that the trial court's ruling to the contrary was error.

On appeal, the State argues that the trial court was correct in holding that the Appellant was not entitled to work release, but for reasons other than those found by the trial court.  The State asserts that Tennessee Code Annotated § 41-2-128(a) expressly provides that the <u>court of general sessions</u> upon application of the warden, superintendent, or administrative head of a workhouse, or the sheriff for purposes of jail inmates, may by direct order make work release available to the incarcerated misdemeanant.  Thus, because the Appellant was sentenced by a criminal court judge, as opposed to a general sessions judge, the State argues that the trial judge in this case was without authority under the statute to grant work release.  In sum, the State contends that the term "judge" as found in Tennessee Code Annotated § 41-2-128(c)(1), applies only to a judge of the general sessions court.  We agree.

---

[1]The Shelby County Correctional Facility is the designated county workhouse for Shelby County.

This position is supported by our supreme court's recent decision in *State v. Marcus Morrow*, No. M1999-00769-SC-R11-CD (Tenn. Jan. 11, 2002), which held "that Tenn. Code Ann. § 41-2-128 authorizes only the general sessions court to grant work release to a DUI second offender during the forty-five-day mandatory minimum sentence." Thus, in accordance with *Morrow*, Tennessee Code Annotated § 41-2-128 does not authorize a criminal court to grant work release to a DUI second offender before the completion of the mandatory minimum sentence.

## CONCLUSION

Based upon the foregoing, we find that the Appellant was not entitled to work release consideration during the forty-five-day mandatory minimum sentence. Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE